# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

IN RE: SHOW CAUSE ORDER DATED
DECEMBER 15, 2017

Civil Action No. TDC-18-0128

## MEMORANDUM ORDER

On January 12, 2018, the National Transportation Safety Board ("NTSB") removed to federal court a Show Cause Order entered by the Circuit Court for Montgomery County, Maryland (the "Circuit Court"), that ordered the NTSB to designate a person to appear on the NTSB's behalf and to show cause as to why the NTSB had not yet finished an investigation into a gas explosion. Pending before this Court is the NTSB's Motion to Quash the Show Cause Order. ECF No. 15. For the reasons set forth below, the Motion to Quash is GRANTED.

## BACKGROUND

On August 10, 2016, a natural gas explosion occurred at the Flower Branch Apartments in Silver Spring Maryland. Show Cause Order ("SCO") ¶ 1, ECF No. 2. Thereafter, the NTSB began investigating the cause of the explosion, during which it took certain items of physical evidence into custody. *Id.* at ¶¶ 2–3. In November 2016, residents of Flower Branch Apartments began filing suit in the Circuit Court against Washington Gas Light Company, Kay Management Company, and Flower Branch Apartments, LLC, alleging that negligence led to the explosion, and seeking damages for the harm suffered from the explosion. *Id.* ¶ 4.

On December 15, 2017, the Circuit Court issued a Show Cause Order directing the NTSB to designate an official to appear before the court in order to show cause as to why the agency should not be held in contempt for its failure to complete its investigation regarding the cause of

the explosion and to provide dates by which the NTSB would complete its investigation and release the physical evidence in its custody. *Id.* ¶ 9. On January 12, 2018, the United States removed the Show Cause Order to this Court pursuant to 28 U.S.C. § 1442(a)(1). Mot. Quash ¶ 4, ECF No. 15. On February 26, 2018, the United States moved to quash the Show Cause Order. *Id.* ¶ 5.

## DISCUSSION

The NTSB argues that the doctrine of sovereign immunity precludes the Circuit Court from issuing the Show Cause Order and equally prevents this Court from enforcing the Show Cause Order now that it has been removed to federal court. Whether sovereign immunity, in fact, shields the NTSB in this matter depends upon the scope of the Circuit Court's jurisdiction over the original litigation, as this Court's own jurisdiction over this case is derivative.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The jurisdiction of a federal court upon removal pursuant to 28 U.S.C. § 1442 is derivative of the jurisdiction of the state court from which the case was removed, in that the scope of the federal court's jurisdiction is the same as the state court's jurisdiction. *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981). Where a state court lacks jurisdiction over the subject matter or the parties, the federal court to which the matter was removed pursuant to § 1442 also has no jurisdiction, even when the federal court would have had jurisdiction over the suit had it originally been brought in federal court. *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989). This Court's jurisdiction over this matter is therefore limited to the scope of the jurisdiction of the Circuit Court for Montgomery County.

The doctrine of sovereign immunity precludes the United States from being subject to civil actions unless it has expressly consented to such actions. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[T]he terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* The United States need not be a party to the underlying action for sovereign immunity to be implicated, as an action seeking specific relief against federal officials acting within the scope of their authority is an action against the United States. *See Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) ("It is also clear that an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to the governmental privilege of sovereign immunity."); *Boron Oil Co.* 873 F.2d at 70–71 (stating that an action to compel testimony by a federal official about information obtained in his official capacity was an action against the United States).

Here, the Show Cause Order seeks to compel the NTSB, a federal agency, to send a federal official to appear in state court for the purpose of divulging information obtained in his or her official capacity. This is an action against the United States that is barred by sovereign immunity, unless the United States consents. Where there was no such consent in this case, the Maryland Circuit Court lacked jurisdiction to compel the NTSB to appear. This Court, in turn, lacks jurisdiction to enforce the Show Cause Order. Accordingly, the Motion to Quash will be granted. *See Smith*, 159 F.3d at 881 (holding that a state court could not enforce subpoenas against U.S. Department of Justice employees); *United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999) (holding that a state court cannot compel the Federal Bureau of Investigation to produce documents); *Boron Oil Co.* 873 F.2d at 70 (holding that a state court could not compel testimony by a U.S. Environmental Protection Agency employee).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED:

1. The Motion to Quash, ECF No. 15, is GRANTED.

2. The Clerk is directed to close this case.


Date: August 14, 2018

/s/
THEODORE D. CHUANG
United States District Judge